**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10205 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-01423-RCC-HCE-1 |
| v. | |
| DIONICIO REYES-PEREZ, AKA Dionicio Perez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted April 19, 2012
San Francisco, California

Before: SCHROEDER, THOMAS, and GRABER, Circuit Judges.

Dionicio Reyes-Perez appeals his jury conviction and sentence for illegal

reentry after deportation in violation of 8 U.S.C. § 1326.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Reyes-Perez argues that statements he made at the time of his arrest and during a motions hearing should have been suppressed. Even assuming error, there was no prejudice. The uncontroverted evidence showed that Reyes-Perez was found on the roof of a warehouse just across the United States-Mexico border, that he had previously been deported to his country of origin, Mexico, and that he had expressly abandoned any claims for relief from deportation. The denial of the suppression motion did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Ghent v. Woodford*, 279 F.3d 1121, 1127 (9th Cir. 2002) (internal quotation marks omitted). Because any error was harmless, the conviction must be affirmed.

At sentencing, the court denied a sentencing reduction for acceptance of responsibility and, in doing so, relied at least to some extent on the ground that Reyes-Perez had put the government to its burden of proof. This was error. *See United States v. Martinez-Martinez*, 369 F.3d 1076, 1089 (9th Cir. 2004). For this reason, the sentence must be reconsidered. The other challenges to the sentence are without merit.

We **AFFIRM** the conviction, **VACATE** the sentence, and **REMAND** for the district court to reconsider whether Reyes-Perez should receive a sentencing reduction for acceptance of responsibility.